IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV147-GCM

| | |
|---|---|
| MAACO FRANCHISOR SPV, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| GREGG A. SADWICK and GREBA ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Defendants' Motion for Leave to File Response in Opposition to Plaintiff's Motion for Preliminary Injunction and for Reconsideration of the Court's Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. No. 13), and Motion for Stay of Preliminary Injunction Pending Reconsideration by the Court (Doc. No. 16). Briefing on these motions is complete in accordance with the Court's expedited briefing schedule (Doc. No. 18) and these motions are therefore ripe for disposition.

**FACTUAL BACKGROUND**

Plaintiff filed this action on March 6, 2020 along with its Motion for Preliminary Injunction (Doc. No. 3) (the "Motion"). Both Defendants had been served as of March 27, 2020. Although the Court's ECF System auto-populated the date of March 20, 2020 as the deadline to respond to the Preliminary Injunction Motion, the Motion had not yet been served, and therefore no response was yet due. Local Rule 7.1(e) provides that "[r]esponses to motions must be filed

1

within fourteen (14) days of the date on which the motion is served." Accordingly, the deadline to respond to Plaintiff's Preliminary Injunction Motion was, at the latest, April 10, 2020.

Defendants' counsel admits receiving and reviewing the Motion, along with the other "service documents" no later than April 8, 2020. (Doc. No. 13-1, ¶¶ 3-4). On that same date, Defendants' counsel filed a Notice of Appearance and a Motion for Extension of Time to Answer Complaint (Doc. Nos. 7, 8) which the Court granted on April 9. Defendants filed their Answer and Counterclaims on April 24. Defendants' counsel never moved for an extension of time to respond to the Plaintiff's Motion for Preliminary Injunction and the Court granted the Motion on May 8, noting that the Defendants had failed to respond and the Motion was therefore unopposed. Two days later, Defendants filed their motions at issue herein.

**DISCUSSION**

Federal Rule of Civil Procedure 6(b) provides that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Likewise, motions for relief from orders based on an attorney's failure to meet court imposed deadlines should be analyzed under the excusable neglect prong of Rule 60(b).

Excusable neglect is not easily demonstrated, nor was it intended to be. *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) superseded by rule on other grounds, Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to the 2002 Amendments. "The burden of demonstrating excusability lies with the party seeking the extension and a *mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing*." *Id*. (emphasis in original). Indeed, "a district court should find

2

'excusable neglect' only in the *extraordinary cases* where injustice would otherwise result." *Id*. (emphasis in original).

The Supreme Court has interpreted the phrase "excusable neglect" by relying on its ordinary meaning. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993), the Supreme Court defined "neglect" as encompassing "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388. The Supreme Court defined "excusable" as "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including, the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. While adopting a flexible standard for "excusable neglect," the Supreme Court stated that it was appropriate to hold a party accountable for the mistakes of counsel and that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392, 396.

Of the four factors courts consider in determining whether excusable neglect exists, the third factor – the reason for the delay – is the most important. *Symbionics Inc. v. Ortlieb*, 432 Fed. Appx. 216, 219 (4th Cir. 2011) (unpublished); *Lowry v. McDonnell Douglas Corp*., 211 F.3d 457, 463 (8th Cir. 2000). As noted above, in evaluating this most important factor, the Fourth Circuit has recognized that "'a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing' for excusable neglect." *Symbionics*, 432 Fed. Appx. at 219 (quoting *Thompson*, 76 F.3d at 534). Indeed, in *Symbionics*, the Fourth Circuit found that the district court abused its discretion in finding excusable neglect

3

based on an attorney's calendaring error and held that "this neglect is precisely the sort of 'run-of-the-mill inattentiveness by counsel' that we have consistently declined to excuse in the past." *Id*. (quoting *Thompson*, 76 F.3d at 535).

Defendants' counsel claims that he did not notice that a response date had been set for the Preliminary Injunction Motion in the Court's ECF notice. However, upon seeing the Motion, there was no excuse for Defendants' counsel not realizing that a response was required, regardless of whether Defendants' counsel noticed the response deadline populated in the Court's ECF notice. Indeed, by operation of Local Rule 7.1, the response to the Motion was due, at the latest, April 10, 2020—two days after Defendants' counsel appeared in this action. Defendants' counsel clearly recognized that a response to the Verified Complaint was required and due, and indeed he moved to extend that deadline. There is no justifiable reason for Defendants' counsel's failure to realize that a response to the Preliminary Injunction Motion was similarly required and due. This factor weighs strongly against Defendants.

The Court next addresses the length of the delay. The Preliminary Injunction Motion was filed March 6, 2020, was served on Defendants no later than March 27, 2020, and Defendants' counsel received and reviewed the Motion no later than April 8, 2020. An entire month then passed before the Court entered the Order, during which time Defendants obtained an extension of their deadline to respond to the Verified Complaint and filed their answer and counterclaims. There is no reasonable justification—and Defendants have offered none—for Defendants' failure to realize the need to respond to the Motion during this intervening thirty-day period, especially considering that Defendants' counsel knew the Motion had been filed and had, himself, accessed and filed documents on the Court's ECF system at least twice during that time. This factor similarly weighs against Defendants.

4

With regard to prejudice to the Plaintiff, although this case is still in its early stages, the subject of this motion is a preliminary injunction, which by its very nature is intended to prevent immediate and irreparable harm. As demonstrated in Plaintiff's Verified Complaint and Motion, Plaintiff Maaco has and continues to suffer irreparable harm as a result of Defendants' continued violations of their non-competition obligations under the Franchise Agreement. Further delaying Plaintiff's requested injunctive relief, to which it is contractually entitled, will only cause Plaintiff to suffer additional irreparable harm. Accordingly, this factor likewise weighs against Defendants.

The last factor the Court must consider is whether Defendants' counsel acted in good faith. While there is certainly no evidence of a lack of good faith herein, that does not and cannot outweigh the other factors.

Three of the four *Pioneer* factors weigh against Defendants, and the most important factor—the reason for delay—strongly weighs against Defendants. Accordingly, Defendants have failed to meet their burden to establish excusable neglect, and their motions will be denied. As cited in the Plaintiff's brief, the Second Circuit aptly described the difficulty facing the Court when dealing with motions such as this:

> We operate in an environment, however, in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. Judges, of course, make mistakes. We, like the district court, have considerable sympathy for those who, through mistakes—counsel's inadvertence or their own—lose substantial rights in that way. And there is, indeed, an institutionalized but limited flexibility at the margin with respect to rights lost because they have been slept on. But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

5

Case 3:20-cv-00147-GCM    Document 29    Filed 06/03/20    Page 5 of 6

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367-68 (2nd Cir. 2003) (finding district court abused discretion in finding counsel's calendaring of incorrect response date constituted excusable neglect). While the Court sympathizes with Defendants' plight, it simply cannot overlook the fact that there is no excusable neglect under the facts herein.

    IT IS THEREFORE ORDERED that Defendants' Motion for Leave to File Response in Opposition to Plaintiff's Motion for Preliminary Injunction and for Reconsideration of the Court's Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. No. 13) is hereby DENIED; and Defendants' Motion for Stay of Preliminary Injunction Pending Reconsideration by the Court (Doc. No. 16) is DENIED AS MOOT.

Signed: June 2, 2020

Graham C. Mullen
United States District Judge