IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-147

| | |
|---|---|
| MAACO FRANCHISOR SPV, LCC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **CONSENT PROTECTIVE ORDER** |
| GREGG A. SADWICK and GREBA CORPORATION, | ) ) ) |
| Defendants. | ) ) |

This matter comes before the Court on the above parties' (each a "Party" and together the "Parties") joint motion for entry of this consent protective order (the "Consent Protective Order"). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that the following principles and procedures designed to assure the protection of proprietary and confidential information shall govern any and all discovery in this action:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in United States District Courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation**. A party or nonparty may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. A CONFIDENTIAL designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL**. Any party or nonparty may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive information that is not publicly available. Third party, as used herein, is defined as not including paid software and hardware consultants, accountants, or attorneys of the parties. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Depositions**. Deposition testimony and exhibits shall be deemed CONFIDENTIAL only if designated as such. Counsel for any party or witness may designate testimony and exhibits as CONFIDENTIAL at the time of the deposition or within fifteen (15) days after receipt of the deposition transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL, pending objection under the terms of this Order.

5. **Protection of Confidential Material**.

   (a) **General Protections**. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 5(b) or (c) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

   (b) **Protection of Documents Designated CONFIDENTIAL**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents or information to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents or information that have been designated CONFIDENTIAL:

   (1) **Counsel.** Outside and in-house counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

   (2) **Parties**. Parties and employees of a Party to this Order;

   (3) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

   (4) **Consultants, Investigators, and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND; and

   (5) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND.

   (c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (l) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

   (d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion

of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Electronic Copies.** In the event the designating party produces information or materials in electronic form which has been designated "CONFIDENTIAL" pursuant to the terms hereof, then if that information or material is copied or printed by the party receiving such information or materials, it is agreed and understood the materials will be appropriately labeled as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the copied or printed version of the information or materials.

(f) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. Evid. R. 501.

6. **Filing of CONFIDENTIAL Documents Under Seal.** To the extent that a brief, memorandum, or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

    (a) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party may first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    (b) If no agreement is reached; any document marked as CONFIDENTIAL which is filed with the Court shall be electronically and provisionally filed under seal and shall be accompanied by a motion to seal pursuant to LCvR 6.1. Any party may oppose sealing by responding to the motion to seal in accordance with LCvR 7.1. Should a party file a written opposition to a motion to seal, the designating party bears the burden to show cause for maintaining the seal under applicable standards and if the designating party cannot meet its burden and the Court so finds, the seal shall be lifted.

    (c) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The confidential version shall

be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.

7. **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidential designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. **Action by the Court.** Applications to the Court for an Order relating to any documents designated CONFIDENTIAL shall be by motion under the local rules and any other procedures set forth in the standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party and Court at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of litigation.

   (b) **Return of Confidential Documents**. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal and subject to a final order of the Court, all documents treated as CONFIDENTIAL under this Order, including copies as defined in 5(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

   (c) **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal and subject to final order of the Court, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the local rules or other relevant orders.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document

or issue.

13.  **Person Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and person made subject to this Order by its terms.

Signed: January 4, 2021

Graham C. Mullen
United States District Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-147

MAACO FRANCHISOR SPV, LCC,

       Plaintiff,

v.

GREGG A. SADWICK and GREBA CORPORATION,

       Defendants.

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

    The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court, Western District of North Carolina in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

    The undersigned acknowledges that violation of the Protective Order may result m penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____          _____
                                                         Signature